*Moreau*, for the defendant.

---

### HATCH vs. WATKINS

The attendance before referees waves want of notice.

A consent to refer a cause and receive a report of referees is a waver of the trial by jury.

APPEAL from the court of the second district.

MARTIN, J. delivered the opinion of the court. The plaintiff sues for work and labor done for the defendant in building him a house; the general issue was pleaded and a jury prayed for.

By a rule of court (with the consent of par-

ties) " two persons were appointed referrees to examine the dwelling house, which is the subject of the present suit, and ascertain what is due to the plaintiff for the work done, and timber, &c. furnished by him, and likewise to examine the accounts of the defendant against the plaintiff, so far as they can agree, the referees to be previously sworn by some judge or justice, to do complete justice between the parties so far as they can ; to examine in due form such witnesses as the parties may have before them; to give the parties reasonable notice of this meeting; that they make their report in writing to the court; that they specify which of the parties is in debt to the other, as relates to said house, &c. and to specify the amount, which were ascertained on before, shall become the judgment of the court."

The arbitrators took an oath " to perform the duty incumbent on them by the honorable the judge of the second district, to be and to do, to go and to perform the examination and valuation of a dwelling house of W. S. Watkins, to value said building to the exact price, to the best of their knowledge."

They reported that " after due examination of the work, by measurement, they de

clare that the said dwelling house is worth $2,260, 58 cts. including 17,000 shingles furnished by the plaintiff. The defendant to furnish the plaintiff's board, washing and lodging whilst building the said house.

One of the referees, being examined as to the oath taken by them and the presence of the defendant, answered they were sworn in the manner before stated; and that the defendant was present at the measurement, and made no objections to their proceeding to it: he said nothing at all as to the subject of notice. The plaintiff pointed out some sash doors, as part of the work done by him, and the defendant did not object. When the referees came to the defendants, they shewed him the oath on the files of the court, taken by them, he made no objection, but consented that they should proceed and examine the work. They did not call for any account from the defendant, neither did he produce any. They did not give either party notice of the time of their meeting. Both were present at the examination and measurement, and neither of them made any objection.

The court gave judgment for the plaintiff for $2,660, 58 cts. and costs. The defendant appealed.

The case had been submitted to us without East'n District.
*April*, 1823. any argument.

HATCH
*vs.*
WATKINS.

We gather from the record that the defendant complained below of the insufficiency of the oath taken by the referees, and the want of notice, and objected to the court giving judgment on the report of the referees, because the defendant in his answer had prayed for a trial by jury.

We think the district court did not err, in overruling the objection as to the oath, as it was shown to the defendant before the referees proceeded, and he made no objection and consented that they should proceed; as it extended to all the duties which it became necessary for them to perform, the defendant having submitted no account to their examination.

The court rightly held that the want of notice was cured by the attendance of the parties, and their presence to all the operations of the referees.

It was likewise correct in concluding that the reference and consent that the report should become the judgment of the court was a waver of the trial by jury.

East'n District.
 *April*, 1823.

HATCH
*vs.*
WATKINS.

It is therefore ordered, adjudged and decreed, that the judgment of the. district court be affirmed with costs.

*Eustis*, for plaintiff, *Morse*, for defendant.